UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CLAUDIA E. LEWIS | : | DOCKET NO. 2:06-cv-2183 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CALCASIEU PARISH, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Currently before the court is a "Motion for Appointment of Counsel" [doc. 3] filed by *pro se* plaintiff, Claudia E. Lewis. By this motion, Plaintiff seeks to have the court appoint an attorney to assist her with her claim for alleged job discrimination which she brings under Title VII of the Civil Rights Act of 1964 (Title VII). Plaintiff is, with the prior approval of the court, proceeding *in forma pauperis* in this matter.

Congress has specifically authorized courts to appoint counsel for plaintiffs proceeding under Title VII of the Civil Rights Act of 1964 (Title VII). 42 U.S.C. §2000e-5(f)(1) provides, in pertinent part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

A plaintiff has no right to automatic appointment of counsel under this provision. *Gonzalez v. Carlin*, 907 F.2d. 573 (5th Cir. 1990). "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id.* A court analyzing the merits of a request for appointed counsel should consider: (1) the merits of the plaintiff's claim, (2) plaintiff's efforts to obtain counsel on his own behalf, and (3) plaintiff's financial ability to retain counsel. *Gonzalez*,

*supra*; *Neal v. IAM Local Lodge 2386*, 722 F.2d. 247 (5th Cir. 1984); *Caston v. Sears, Roebuck, and Company*, 556 F.2d. 1305 (5th Cir. 1977).  No one factor is considered conclusive.  *White v. United States Pipe & Foundry Co.*, 646 F.2d. 203 (5th Cir. 1981).

The Fifth Circuit has stated that the determination of the Equal Employment Opportunity Commission (EEOC) is "highly probative" in determining whether to appoint counsel.  *Gonzalez*, 907 F.2d. at 580; *Caston,* 556 F.2d. at 1309. .  In this case, the EEOC issued a "Dismissal and Notice of Rights" document dated August 11, 2006 which stated that based upon its investigation, the EEOC was unable to conclude that the information obtained establishes a violation of the statute.  Although this finding suggests to the court that the EEOC did not find serious merit in plaintiff's claim, the court will not infer, to plaintiff's detriment, that his claim has no merit based on the absence of the information relied on by the EEOC from the record.  Nevertheless, this factor weighs slightly against the appointment of counsel.

Plaintiff's motion for appointment of counsel indicates that he contacted two attorneys regarding representation in this matter.   The first was contacted by telephone and declined to represent the plaintiff because of "geographic location"; the second was contacted by e-mail and declined to represent the plaintiff because of "case load."  While the court finds that Plaintiff has made some effort to contact attorneys on her own behalf, the court also finds that her efforts lack sufficient diligence to weigh heavily in favor of the appointment of counsel.

Finally, plaintiff's financial information indicates that she is currently employed as a security guard at the rate of $11.54 per hour.  The pay stub filed by her in the record indicates that she earns over $2000[1] per month.  The financial information provided by plaintiff further indicates that her

---

[1] Plaintiff states taht she remained unemployed until June 2006, and her pay stub indicates that through November 5, 2006 her year to date earnings were $11,076.21.

2

living expenses are almost equal to her earnings. Therefore, the plaintiff's financial situation would seem to weigh in favor of her motion for appointed counsel.

After weighing plaintiff's situation in light of the three factors mandated by the Fifth Circuit, this court finds that the scales tip against the appointment of counsel.

ACCORDINGLY,

IT IS ORDERED that the plaintiff's Motion for Appointment of Counsel by the court be and same hereby is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of January, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE