# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| CLAUDIA E. LEWIS | : | DOCKET NO. 2:06-cv-2183 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| SHERIFF'S OFFICE OF CALCASIEU PARISH | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

### I.

### Background

On November 13, 2006, a Complaint was filed against defendant "Calcasieu Parish Sheriff's Office" alleging employment discrimination under 28 U.S.C. § 1331. The same day, she requested leave of the court to proceed in forma pauperis and to have counsel appointed on her behalf. The former request was granted, the latter request was denied. Docs. 4, 5.

On July 31, 2007, the court filed into the record a Notice of Intent to Dismiss under Local Rule 41.3W for failure to prosecute within 6 months. Doc. 6. Plaintiff Lewis was granted ten days to file a request for more time to take appropriate action. *Id.* On August 14, 2007, plaintiff Lewis filed a Motion for Extension of Time. Doc. 7. In the motion, she indicated that she was having difficulty finding legal counsel, but had not ceased her efforts. *Id.*

The court granted the Motion for Extension on August 20, 2007. Doc. 8. In addition to granting the extension, the court indicated that plaintiff's pauperis status entitled her to the services of the U.S. Marshal Service for purpose of service of the complaint on the defendant. *Id.* The court directed that plaintiff had until September 17, 2007 to either serve the defendant or

1

to file a motion requesting the Marshal Service to effect service of process. *Id.* Ms. Lewis filed a Motion to have the U.S. Marshal Service effect service of process on September 17, 2007.

A summons was issued as to the Sheriff's Office of Calcasieu Parish on September 27, 2007. Doc. 11. It was returned executed on October 30, 2007 [Doc. 11], and defendant filed its answer on November 9, 2007. Doc. 14. The court ordered that a scheduling conference was to be held January 31, 2008 to set discovery deadlines and a trial date. Doc. 16.

On January 31, 2008, a conference was held but the scheduling portion of the conference was reset for April 8, 2008. Because plaintiff indicated she still sought retention of counsel, she was allowed sixty days to do so or to inform the defendant and the court of her intent to proceed *pro se.* Minute Entry, January 31, 2008. The court instructed plaintiff that if she retained counsel, counsel must contact the court immediately. *Id.*

On April 16, 2008 the court issued its Scheduling Order, which set trial for November 17, 2008, and set a pretrial conference before the Magistrate Judge on May 28, 2008. Doc. 19. At the May 28, 2008, pretrial conference, plaintiff Lewis appeared in proper person. *Id.* At the conference, plaintiff indicated it was still her wish to retain counsel to represent her. *Id.* The court advised her that she must make efforts to retain counsel immediately due to the trial date fixed for November 17, 2008. *Id.*

At that same conference counsel for defendant indicated that he had propounded discovery to plaintiff at the address designated by her on the record but that correspondence was returned to counsel marked "unclaimed." Accordingly and upon instruction by the court, counsel for defendant delivered discovery materials to the plaintiff in the presence of the Magistrate Judge. Doc. 20. Plaintiff was notified by the Magistrate Judge of her obligation to respond to that discovery within delays provided by Fed. R. Civ. P. 33(b)(2). *Id.* Plaintiff was

2

also advised by the Magistrate Judge of her right to seek discovery from the defendant. *Id.*

On July 28, 2008, defendant filed a Motion to Compel Discovery against plaintiff Claudia Lewis. Doc. 22. Through that motion defendant alleges that plaintiff failed to respond to discovery delivered to her in the presence of the Magistrate Judge on May 28, 2008. *Id.* ¶ 5. Defendant asked the court to again order plaintiff respond to discovery or, alternatively, to dismiss plaintiff's case with prejudice. *Id.* ¶ 7.

On October 14, 2008, the court ordered that plaintiff appear on October 31, 2008, for hearing on defendant's motion. Doc. 26. The court instructed the Clerk of Court to provide notice to the plaintiff by both certified and regular mail at both the Post Office address provided by plaintiff to the clerk as well as the street address given to the Magistrate Judge when plaintiff appeared before her on May 28, 2008. *Id.* Ms. Lewis did not appear at the hearing. Doc. 29. At the hearing the court heard the testimony of Deputy Clerk of Court Patrice Monceaux who stated that the notices had been mailed by certified and regular mail to both addresses as instructed by the court. As of the time of this writing the record fails to show any return of the documents sent regular mail but printouts from the United States Postal Service show that the correspondence mailed to plaintiff's street address was returned to the clerk "because it was not claimed by the addressee." Doc. 32.

## II.

Before addressing the issues raised in defendant's motion, the court must first address *sua sponte* a procedural default clear from the face of plaintiff's petition, i.e. plaintiff's naming as defendant the "Calcasieu Parish Sheriff's Office."

Parties must have the capacity to sue or be sued. FED. R. CIV. P. 17. The capacity of an entity to be sued "shall be determined by the law of the state in which the district court is held."

*Id.* A "sheriff's office" is a non-entity and is incapable of being sued in Louisiana; rather, it is the sheriff in his or her official capacity that it the proper party to a complaint. See *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665 (La. 1997); *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273 (5th Cir. 2002).

A court has authority to raise procedural defaults *sua sponte* as long as the affected party has notice that the procedural default will be an issue for consideration by the court and has a reasonable opportunity to respond. *Magourirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (citing *Esslinger v. Davis*, 44 F.3d 1515, 1528 (11th Cir. 1995)). A Magistrate Judge's Report and Recommendation is sufficient to place a party on notice that a procedural default constituted a potentially dispositive issue with respect to a claim and the delay period provided for filing objections to the report affords the affected party reasonable opportunity to respond. *Magourirk,* 144 F.3d at 359.

For the foregoing reasons, it is the recommendation of the undersigned that the claims of plaintiff that form the basis of this action against the "Calcasieu Parish Sheriff's Office" be DISMISSED WITH PREJUDICE.

III.

In addition to the reasons set forth above, the court also believes that this matter should be dismissed for plaintiff's failure to prosecute her claim.

Under FED. R. CIV. P. 37, a party may move the court for an order compelling discovery. When a party fails to comply with a court order compelling discovery, the court may take appropriate action, including "dismissing the action in whole or in part" by order. Fed. R. Civ. P. 37(b)(2)(v). Additionally, under Fed. R. Civ. P. 41(b), the court may order the involuntary dismissal of an action or claim at a defendants request if the plaintiff fails to prosecute or comply

with the Federal Rules of Procedure or a court order. The Fifth Circuit has "consistently recognized . . . that dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513 (5th Cir. 1985) (quoting *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir. 1981)).

In the case of *Wright v. Robinson*, 113 Fed. Appx. 12 (5th Cir. 2004) (unpublished), the appeal court considered whether dismissal with prejudice was appropriate in facts analogous to those of the instant case.[1] In *Wright*, plaintiff's case was dismissed:

> for failure to prosecute and for failure to obey an order that granted defendants' motion to compel [plaintiff] to respond to discovery requests and submit to a deposition. [Plaintiff] had failed to respond to discovery requests. In addition, her initial attorney, Caldwell, was forced to transfer the case to another lawyer because Caldwell had been barred from practicing law. Thereafter, [plaintiff] failed to respond to attempts to contact and communicate with her made by Labovitz, her new attorney. Consequently, he resigned, whereupon the magistrate judge found that [plaintiff] lost interest in the suit.

*Id.* at **2.

In *Wright* the Magistrate Judge granted defendants' motion to compel and ordered plaintiff to respond to a written discovery request and submit to a deposition. *Id.* The court warned plaintiff that failure to do so would subject her to the sanctions contained in Fed. R. Civ. P. 37 and 41. *Id.* at 3. Following plaintiff's continued failure to respond defendants moved to dismiss on the ground that plaintiff "had failed to comply with the order regarding discovery and had failed adequately to prosecute her case. The court found that [plaintiff] had lost interest in the lawsuit." *Id.*

---

[1] The court recognizes that according to Rule 47.5.4 of the Fifth Circuit Rules, unpublished opinions are not precedent. Here, the *Wright* case is not relied on as precedent, but rather as an example of how the Federal Rules of Civil Procedure and Fifth Circuit precedent have been applied to analogous facts.

The Fifth Circuit reviewed the dismissal with prejudice, noting that affirmation of the lower court's order is appropriate where "(1) there is a clear record of delay or disobedient conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or (3) the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip*, 757 F.2d at 519).

The appeal court found that it was not an abuse of discretion to dismiss the case with prejudice. *Id.* The court noted that plaintiff had failed to respond to communications attempted by her attorney and did not respond or object to the motion to withdraw submitted by the attorney. *Id.* Additionally, the court noted that plaintiff "failed to cooperate in the discovery process, causing defendants irrefutable harm in failing to gather evidence. The record demonstrates that [plaintiff] therefore intentionally contributed to the delay that caused actual prejudice to the defendants." *Id.*

Here, plaintiff has similarly failed to take an active role in the pursuit of her case. The failure is exemplified by the fact that she has not obtained legal counsel despite continuously indicating to the court her intent to do so. Additionally, plaintiff has failed to respond to discovery requests despite having been instructed specifically to do so by the Magistrate Judge at the conference held May 28, 2008. Doc. 20. Further plaintiff failed to appear to show cause why she should not be ordered to answer the discovery request or explain her failure to do so. As in *Wright*, the record demonstrates that plaintiff has "lost interest in her case." Furthermore, her failure to cooperate in the discovery process has caused "irrefutable harm" to defendant, who has attained no discovery although trial in this case is scheduled within weeks.

For the foregoing reasons, it is the recommendation of the undersigned that the claims of Ms. Lewis that form the basis of this action be DISMISSED WITH PREJUDICE.

IV.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 14, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE